## SUPREME COURT.

### WHITNEY agt. KENYON.

Where, in a judgment by confession under § 383 of the Code, the *statement* merely set out a *copy of a promissory note* as the foundation of the debt for which the judgment was confessed, *held* that the judgment for that reason was not *fraudulent* and *void.* At most a non compliance with the statute in this particular can be considered merely as an irregularity, and amendable, but not after one year.

Although the forms of procedure in the 'confession of judgment were designed to prevent fraud, a technical non compliance should not be held, by implication, conclusive evidence of fraud, even in favor of those whom it may be supposed the legislature designed to protect.

What effect, as evidence, a non compliance with this statute should have upon an allegation of fraud in fact, *quere?*

(*The case of Plummer agt. Plummer, ante p.* 62, *not concurred in. This case, so far as similar points are discussed, seems to agree with Mann & Savage agt. Brooks, ante p.* 449.)

*Oswego Special Term, March* 1853. The administrator of the defendant moves to set aside a judgment entered by confession this court in November 1849. The defendant died in January

1850, and in March 1851 letters of administration upon the estate of the deceased was granted to the person now moving. The affidavits show the estate of the defendant in the judgment to be insufficient for the payment of his debts, and that if the judgment is paid in full, the other creditors will receive but a very small dividend.

J. C. Churchill, *for the Motion.*

O. Robinson, *Contra.*

W. F. Allen, Justice.—The judgment purports to have been 'confessed for money actually due the plaintiff, and the objection is that the statement in writing required by section 383 of the Code, does not sufficiently state " the facts out of which it arose," it merely sets out a copy of a promissory note as the foundation or origin of the debt. As a mere irregularity, the party moving can not avail himself of the alleged defect in the statement of the consideration of the judgment, more than one year having elapsed since the judgment was rendered (2 *R. S. 4th ed.* 606, §2; *Code,* § 174; Park agt. Atwell, 5 *How. Pr. R.* 381)

It is claimed that the omission to set out the consideration of the note, and " the facts out of which the debt " arose, renders the judgment, fraudulent and void as against the creditors of the defendant, and Plummer agt. Plummer (7 *How. Pr. R.* 62), is relied upon to sustain this position.

If the judgment is in fact fraudulent and void, as against creditors, by reason of the omission, then the administrator of the defendant representing creditors (the estate being insolvent), may insist upon the objection and is entitled to the relief he asks (Babcock vs. Booth, 2 *Hill,* 181; McKnight vs. Morgan, 2 *Barb.* 171). The defect in the specification does not affect the jurisdiction of the court or the validity of the judgment as between the parties (Griffin vs. Mitchell, 2 *Cow. R.* 548). There is no fraud alleged in the affidavits, and the moving party relies entirely upon the legal implication of fraud arising from the want of a technical compliance with all the statutory requirements. The statute does not in terms attach any such penalty to the omission, and the omission does not appear to be of a matter which was of the essence of the act done. The statute, like every other

part of the Code, is modal, intended to regulate the forms of pro ceedings in courts of justice, and a non compliance with the prescribed formula renders the proceedings irregular; but in the absence of an enactment to that effect, should not render the proceedings fraudulent and entirely void. If simply irregular they may be amended—if fraudulent they are absolutely void.

The great object of the commissioners in recommending the adoption of the provisions of the Code regulating the confession of judgments, appears to have been to give publicity to the true purpose and object of the judgment, and to disclose the true consideration of it, and to show whether it was given to secure against a centingent liability or to secure a debt already due, and it is not necessary to go the length asked upon this motion to accomplish its full purpose. The learned justice by whom Plummer agt. Plummer was decided, followed Lawless vs. Hackett (16 *J. R.* 149), and Brinckerhoff vs. Marvin (5 *J. C. R* 320). Those decisions were made under a statute which in terms provided that upon the omission of the specifications required by the statute, " such judgments should be deemed fraudulent as respects any other bona fide judgment creditors, and every bona fide purchaser, for a valuable consideration " (*Laws of* 1818, *ch.* 259, §8). And by the same section the true consideration of any note which was specified as the foundation of the judgment, should be stated. Plummer agt. Plummer construes the Code as if both these provisions were incorporated in it. The chancellor in speaking of the act of 1818, in Seaving vs. Brinckerhoff (5 *J. C. R.* 332), says: " The act ought not to be extended by construction; and the ordinary lien of the judgment creditor, who might happen, through inadvertence, or through the error of counsel to omit as particular a specification as the act required, ought not to be impaired, except in favor of those particular persons who can bring themselves clearly and strictly within the letter and within the meaning and policy of the exception."

In Lawless vs. Hackett, a judgment creditor moved and the case was within the very words of the act. The act came under consideration in White vs. Williams (1 *Paige,* 502), and effect was given to it in behalf of a party who was in a situation

Whitney agt. Kenyon.

to take advantage of the. statute remedy, one in whose favor the statute declared a judgment fraudulent. It is very evident that but for the express terms of the statute imposing the penalty for a non compliance with its requirements, the judgment would not have been held fraudulent, whatever other redress might have been given to creditors whose interests may have suffered from a non compliance with the provisions of law. The commissioners by whom the Code was reported can not be presumed ignorant of the act of 1818, and its particular provisions, and if they had intended to attach the penalties of that act to a non compliance with the Code, they would have said so; the act of 1818, or any thing like it, I believe, had not been in force in this state for seven years prior to the adoption of the Code. Although the forms of procedure in the confession of judgment were designed to prevent fraud, a technical non compliance with them should not be held by implication conclusive evidence of fraud even in favor of those whom we may suppose the legislature designed to protect. What effect as evidence a non compliance with the statute should have upon an allegation of fraud in fact, is not for me to say upon this motion, as there is no allegation of that character. For aught that appears, or that is suggested, the transaction was perfectly fair and the omission was the error of the attorney by whom the papers were prepared. I regret to be constrained to differ with my brother Mason, but can not but think that in the hurry of a special term he omitted to notice the terms of the act of 1818. That act was in fact, available only in favor of one class of creditors, viz., judgment creditors. There are no such here.

I am desirous of executing the Code, so far as I can, in its spirit; but am not willing without the express sanction of law, to punish as criminals, and adjudge guilty of fraud, and deprive of their rights and property, all who through misapprehension or inadvertence or the carelessness of attorneys, shall come short of a literal compliance with its requirements. The order vacating the sale and setting aside the execution was regular, or if irregular for the want of notice, in as much as no cause is now shown why the same should not have been granted, the same may stand. The affidavits in opposition to the motion show

that the application was made at the request of the administrator of the defendant, and if so he is estopped from complaining of it. The execution and sale under it were clearly irregular, and were properly set aside.   The motion is denied without costs.