## SUPREME COURT.

### Van Benthuysen agt. Lyle.

A mere irregularity in entering judgment can not be taken advantage of after
one year. (*See R. S. and Code,* § 174.)

Where the plaintiff's attorney received an answer by mail, which he returned
because the postage was not paid, and entered judgment as upon default,
*Held,* that all other proceedings being regular, the judgment was not *void* for
want of jurisdiction, but merely irregular.

*Dutchess Special Term, June,* 1853.—The complaint was
served February 25, 1850, so that the time for answering ex-
pired on the 17th of March. On the 16th of March the plain-
tiff's attorney received an answer by mail, *but the postage was
not paid,* and he immediately returned it. On the 21st of
March plaintiff's attorney entered up judgment for want of an
answer.

The defendant now moves to set aside the judgment as irre-
gular and *void.*

> L. MAISON, *for Plaintiff.*
> WM. ENO, *for Defendant.*

BARCULO, Justice.—The most obvious objection to this mo-
tion is presented by the lapse of three years since the proceed-
ings complained of. Considered as an irregularity, it is clear,
that the defendant could not obtain relief by motion after the
judgment had been entered one year. (2 *R. S., and Code* §
174;) Whitney agt. Kenyon, (7 *How. Pr. Rep.,* 458;) Park
agt. Atwell, (5 *How. Pr. Rep.* 381.)

The defendant's counsel endeavors to obviate this by claim-
ing that the judgment is void, on the ground that the court
never obtained jurisdiction. In this, however, he is mistaken.
For if we assume against the balance of testimony, that the

defendant *did* pay the postage, still the judgment is merely irregular. The suit was commenced by the service of the summons and complaint. Proof of this fact was filed, and also an affidavit that no answer had been received. This authorized the clerk to enter up the judgment according to section 246 of the Code. The court had jurisdiction of the subject matter and of the parties, the defendant having been brought before the court by service of process. The judgment was therefore merely irregular and not void.

The motion not having been made in time must be denied with $10 costs.